BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-MC-00026-TLN-EFB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $9,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On August 20, 2013, the Drug Enforcement Administration (hereafter "DEA") seized Approximately $9,000.00 in U.S. Currency (the "defendant currency").

2.  The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about November 22, 2013, the DEA received a claim from Jim McCullough ("McCullough") asserting an ownership interest in the defendant currency.

3.  The United States represents that it could show at a forfeiture trial that on August 20, 2013, the DEA received information regarding suspicious travel by McCullough, who was traveling on United Airlines from Peoria, IL to Sacramento, CA.  Agents also learned that McCullough was arrested in Nevada on February 13, 2013, for transporting a controlled substance.  Based on this information, agents responded to the Sacramento

1

Consent Judgment of Forfeiture

International Airport to speak with McCullough.

4. When McCullough arrived in Sacramento on August 20, 2013, agents observed him exit the jet-way and walk towards the terminal exit. A DEA agent displaying his badge, approached McCullough, identified himself as law enforcement, and asked permission to speak with McCullough. McCullough agreed. McCullough stated that he was traveling from Indianapolis, IN, and would be visiting Sacramento, CA for approximately one month. He also indicated he would be staying with a family member. McCullough had a back pack and computer bag. When asked if he had any other luggage, McCullough said he had two additional checked pieces of luggage. The agent asked McCullough if he could perform a search of McCullough's luggage, and McCullough consented.

5. When searching a bag, the agent asked McCullough how much currency he was traveling with and McCullough said $9,000.00. The agent asked McCullough to accompany him to a quiet room in the airport to determine if the currency was from an illegitimate source, and McCullough agreed.

6. During the walk to the room, the agent informed McCullough that he was not under arrest. Once in the room, the agent removed the currency which was rubber banded and included 86 one-hundred dollar bills and 8 fifty-dollar bills. McCullough told agents he owned a flooring business in Peroria, IL, and claimed the currency was from the business. He also said that he had a business bank account. When asked how he obtained the defendant currency, McCullough said that he had been paid in cash and kept the currency at his house. When asked for financial details of his business, McCullough said he did not want to answer financial questions. McCullough stated he had brought $4,500.00 in cash to purchase new forks for a motorcycle and the rest was for his expenses for a month, including the cost of staying in hotels and traveling to Los Angeles, despite earlier claims that he would be staying with a family member.

7. McCullough also said that he had traveled to Sacramento about a month prior and stayed at his cousin's residence. He said that he had a California Medical Marijuana

card and used marijuana. He said he could not remember if the money had been near any marijuana recently.

8. The defendant currency was presented to drug detection dog, "Maya", by Sacramento County Sheriff's Detective Rogers. Detective Rogers advised that Maya positively alerted to the odor of narcotics on the defendant currency.

9. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

10. Without admitting the truth of the factual assertions contained above, McCullough specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, McCullough agrees that an adequate factual basis exists to support forfeiture of the defendant currency. McCullough acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, McCullough shall hold harmless and indemnify the United States, as set forth below.

11. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

12. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

13. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

14. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

15. Upon entry of this Consent Judgment of Forfeiture, $4,000.00 of the

Approximately $9,000.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

16. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $5,000.00 of the Approximately $9,000.00 in U.S. Currency shall be returned to potential claimant Jim McCullough.

17. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. McCullough waived the provisions of California Civil Code § 1542.

18. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

19. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

20. All parties will bear their own costs and attorneys' fees.

21. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: March 28, 2014

_____
Troy L. Nunley
United States District Judge

Consent Judgment of Forfeiture